USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/10/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CARL THOMSON,

          Appellant,

-against-

KENNETH SILVERMAN,

          Appellee.

---

IN RE CLST ENTERPRISES, LLC,

          Debtor

25-cv-2925 (MKV)

ORDER DENYING
APPLICATION FOR
EMERGENCY RELIEF

---

MARY KAY VYSKOCIL, United States District Judge:

    On April 9, 2025, Carl Thomson filed an appeal from the March 27, 2025 decision of the Bankruptcy Court (Glenn, C.J.) granting the Chapter 11 Trustee's motion to sell the Debtor's property, which decision requires that Thomson and his wife vacate the premises by April 11, 2024 [ECF Nos. 1, 1-1 ("Bankr. Op."), 1-2]. At approximately 5:25 p.m. on April 9, 2025, Thomson filed an application for emergency relief staying the April 11, 2024 eviction pending resolution of his appeal [ECF No. 4 ("Mot.")].

    The Debtor is a single-asset real estate debtor, and its only asset is a brownstone located at 19 East 75th Street, New York, New York 10021 (the "Property") [24-bk-10596, Doc. No. 36]. *See* Bankr. Op. at 3. Thomson and his wife are each fifty-percent members of the Debtor. *Id.* They live in the Property and do not pay rent to the Debtor. *Id.*

    Approximately one year ago, on April 8, 2024, Thomson filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code on the Debtor's behalf [24-bk-10596, Doc. Nos.

1–3]. *See id.*; *see also id.* at 14. Thereafter, 75 Street Servicing LLC, a secured judgment creditor, filed a motion requesting the appointment of Chapter 11 trustee for the Debtor, arguing that "[t]he sole purpose for the commencement of [the bankruptcy] case was to frustrate 75 Street Servicing's legitimate efforts to enforce its rights by impeding a foreclosure sale [that had been] scheduled to proceed the day the Debtor commenced this case" [24-bk-10596, Doc. No. 16 at 2]. The Bankruptcy Court granted the request and later appointed Kenneth P. Silverman, Esq. as the Chapter 11 Trustee for the Debtor [24-bk-10596, Doc. Nos. 36, 53, 56–57].

The Trustee promptly moved for orders authorizing him, among other things, to conduct a public auction sale of the Property and to direct Thomson and his wife to vacate the Property. *See* Bankr. Op. at 4. Thomson objected, arguing that: (1) as a fifty-percent member of the Debtor, Thomson had lacked authority to commence the Chapter 11 proceeding; (2) his wife lacked the mental capacity to authorize commencing the Chapter 11 proceeding; and (3) the proposed sale overlooks his wife's interests and thus violates 11 U.S.C. § 363. *Id.* at 7.

In a thorough and well-reasoned opinion, Chief Judge Glenn granted the motion of the Trustee, approved the auction sale, and overruled Thomson's objections. Chief Judge Glenn explained that the Trustee has "articulated a sound business purpose for the Auction Sale." *Id.* at 11 (citing *In re Chateaugay*, 973 F.2d 141 (2d Cir. 1992); *In re Lionel Corp.*, 722 F.2d 1063 (2d Cir. 1983); *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989)) and otherwise satisfied the requirements of Section 363 of the Bankruptcy Code and the related local rule General Order M-383. Chief Judge Glenn further ruled that removal of Thomson and his wife "is necessary and appropriate," in light of their alleged belligerence and uncooperative behavior regarding the sale, in order to maximize the value of the Debtor's asset. *Id.* at 13–14.

Chief Judge Glenn rejected Thomson's argument that Thomson had lacked authority to commence the Chapter 11 proceeding. *Id.* at 14. In particular, Chief Judge Glenn explained that both Thomson and his wife had signed an Amended Operating Agreement that gave Thomson "alone . . . the authority to sign the Chapter 11 Petition." *Id.* Chief Judge Glenn also expressly rejected the argument that the asserted lack of mental capacity of Thomson's wife was a reason to "hinder the approval of the Auction Sale," noting that her asserted lack of mental capacity was raised for the first time "in an apparent effort to forestall the sale." *Id.* at 15.

"It is well established that in this Circuit the standard for an entry of a TRO is the same as for a preliminary injunction." *Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008); *Echo Design Group, Inc. v. Zino Davidoff S.A.*, 283 F. Supp. 2d 963, 966 (S.D.N.Y. 2003). "Such relief 'is an extraordinary and drastic remedy" that "should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Moore v. Consol. Edison Co.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). The movant must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *JTH Tax, LLC v. Agnant*, 62 F. 4th 658, 667 (2d Cir. 2023) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)).

Thomson has not carried his burden to obtain extraordinary injunctive relief. The record in this appeal reflects that Thomson has long been aware of the likelihood that he would be required to vacate the Property. Indeed, the record reflects that a "foreclosure sale [had been] scheduled to proceed the day the Debtor commenced" the Chapter 11 case [24-bk-10596, Doc. No. 16 at 2]. Yet Thomson inexplicably delayed filing this appeal and his application for emergency relief after the Bankruptcy Court order issued.

Specifically, on March 27, 2025, Chief Judge Glenn issued the order requiring Thomson and his wife to vacate the Property by April 11, 2025.  Thomson, however, waited until the evening of April 9th to seek a stay of the April 11th eviction.  That delay smacks of gamesmanship and undermines his argument for irreparable harm.  *See Hopkins Hawley LLC v. Cuomo*, 2021 WL 8200607, at *1 (S.D.N.Y. Jan. 8, 2021); *Hodnett v. Medalist Partners Opportunity Master Fund II-a, L.P.*, 2021 WL 535485, at *8 (S.D.N.Y. Feb. 12, 2021); *Monowise Ltd. Corp. v. Ozy Media, Inc.*, 2018 WL 2089342, at *1 (S.D.N.Y. May 3, 2018) (a court "must consider a plaintiff's delay in seeking relief") (collecting cases).

Furthermore, Thomson has not made the requisite "clear showing" that he is likely to succeed on the merits of his appeal.  *Moore*, 409 F.3d at 510.  In his application for emergency relief, Thomson argues that the Bankruptcy Court erred because (1) Thomson lacked authority to file the Chapter 11 petition, (2) "consent . . . was needed but not obtained from [his] potentially vulnerable and mentally" wife, and (3) the "Auction Sale and Immediate Eviction do not meet the Lionel ('Business Judgment Test')" [sic].  Mot. at 1; *see id.* at 29–31.  Thomson has failed to carry his heavy burden of persuasion to obtain "extraordinary and drastic" preliminary relief based on any of these arguments.  *Moore*, 409 F.3d at 510

The Court has carefully reviewed Thomson's application for emergency relief and Chief Judge Glenn's cogent opinion.  The Court has also carefully reviewed other pertinent Bankruptcy Court filings.  The record at this stage supports Chief Judge Glenn's rulings that the Trustee has identified sound business reasons selling the Property, which appears to be the Debtor's only asset, and requiring Thomson and his wife to vacate the Property.  *See In re Lionel Corp.*, 722 F.2d at 1069.  Thomson has not carried his burden to show that the sale and eviction otherwise violate Section 363.

Thomson also falls short of showing that the balance of equities tips in his favor. Rather, it seems at this stage that Thomson may be engaged in gamesmanship and "sharp litigation tactics" to prevent the sale of the Property. *Philips Lighting Co. v. Schneider*, 636 F. App'x 54, 59 (2d Cir. 2016). As noted above, the record reflects that Thomson initiated the bankruptcy case over a year ago to forestall the creditor foreclosing on the Property, which prompted the creditor to request the appointment of a Chapter 11 trustee, and the Bankruptcy Court granted that request based on a finding of cause [24-bk-10596, Doc. Nos. 16, 36, 53, 56, 57]. After the Trustee was appointed and moved for an order authorizing the sale of the Property, Thomson challenged the legitimacy of his own earlier filing of the Chapter 11 petition. Once Chief Judge Glenn granted the Trustee's motion and approved the auction sale of the Property, including ordering that Thomson and his wife must vacate the Property within 14 days, Thomson waited until less than 48 hours before the deadline set by Chief Judge Glenn to seek relief. In light of this record, the Court does not find that the balance of equities tips in favor of emergency relief. *See Carlson v. Northwell Health Inc.*, 2022 WL 1304453, at *2 (S.D.N.Y. May 2, 2022).

As such, the Court declines to issue the requested Order to Show Cause, and Thomson's application for emergency relief [ECF No. 4] is DENIED. The Court concludes that a hearing is not required because Thomson's application is "amenable to complete resolution on [the] paper record," the Court's decision does not turn on a disputed fact, and the Court may consider the record from "prior stages" of this bankruptcy appeal. *St. Joseph's Hosp. Health Ctr. v. American Anesthesiology of Syracuse, P.C.*, 131 F.4th 102, 108 (2d Cir. 2025) (quoting *Charette v. Town of Oyster Bay*, 159 F.3d 749, 755 (2d Cir. 1998)).

**SO ORDERED.**

**Date:  April 10, 2025**         **MARY KAY VYSKOCIL**
**New York, NY**                  **United States District Judge**

5